ANDREW S HANSEN (9819; *andrew@white-knuckle.org*)
DAVID A JONES (10134; *dave@white-knuckle.org*)
**WHITE KNUCKLE IP, LLC**
282 Maxine Circle, Bountiful, Utah 84010
Telephone:  (801) 671-3621

Company Counsel for Plaintiff WHITE KNUCKLE IP, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| White Knuckle IP, LLC, a Utah limited liability company,<br><br>             Plaintiff,<br>    v.<br><br>Electronic Arts, Inc., a Delaware corporation<br><br>             Defendant. | Civil Action No. 1:15-cv-00036-PMW<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff White Knuckle IP, LLC ("White Knuckle") hereby complains against defendant Electronic Arts, Inc. ("Defendant" or "EA") and for claims of relief alleges as follows:

## PARTIES

1. White Knuckle is a Utah limited liability company with its principal executive offices located at 282 Maxine Circle, Bountiful, Utah 84010.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, California  94065.

3. Upon information and belief, Defendant may be served through its designated agent for service of process, National Corporate Research, LTD. Corp., 2005 East 2700 South, Suite 200, Salt Lake City, Utah 84109.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement brought by White Knuckle for acts committed by Defendant arising under the patent laws of the United States, and more specifically under 35 U.S.C. §§ 271, 281, 283, 284, 285, and § 154(d). Jurisdiction of this Court is thereby founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This also is a civil action with complete diversity of citizenship between White Knuckle (a citizen of Utah) and Defendant (a citizen of Delaware and California) with the amount in controversy exceeding $75,000. Jurisdiction of this Court is thereby founded upon 28 U.S.C. § 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 8,529,350)

7. White Knuckle hereby incorporates the allegations of the preceding paragraphs 1 through 6 of this Complaint into this First Claim for Relief as though fully set forth hereat.

8. U.S. Patent No. 8,529,350 ("the '350 Patent") issued from the United States Patent and Trademark Office ("PTO") on September 10, 2013, bearing the title "Method and System For Increased Realism In Video Games." (A true and correct copy of the '350 Patent is attached hereto as Exhibit A and incorporated herein by this reference.).

9. White Knuckle is the owner of all right, title, and interest in and to the '350 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '350 Patent, and to enjoin acts of infringement of the '350 Patent.

10. White Knuckle has not licensed or otherwise authorized Defendant to practice the '350 Patent.

11. Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the '350 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States, products and methods that are covered by the '350 Patent, including but not limited to, those products designated or denominated by Defendant as "NCAA Football 10," "NCAA Football 11," "NCAA Football 12," "NCAA Football 13," "NCAA Football 14,"  "Tiger Woods PGA Tour 10," "Tiger Woods PGA Tour 11," "Tiger Woods PGA Tour 12," "Tiger Woods PGA Tour 13," and "Tiger Woods PGA Tour 14" and methods that are performed by Defendant's computer servers providing "online features" for the foregoing video game products. Therefore, Defendant is liable for infringement of the '350 Patent pursuant to 35 U.S.C. § 271.

12. Plaintiff has acquired provisional patent rights in the '350 Patent by publishing claims pursuant identical to those issued in the '350 patent. The claims were published in US Patent Publication No. US 20100029352 A1 (hereinafter the '352 Publication) pursuant to 35 U.S.C. § 122(b). Defendant was notified of Plaintiff's '352 Publication via U.S. certified mail sent June 3, 2010, in which a copy of the '352 Publication was provided to Defendant's CEO John Riccitiello and Mr. Riccitiello was informed that the claims of the '352 Publication were

relevant to Defendant's NCAA and Golf video games. Therefore, Defendant is liable for infringement of the '350 Patent pursuant to 35 U.S.C. § 154(d).

13. Defendant knowingly induces its customers to infringe the '350 Patent by selling infringing products to its customers with the intent that its customers receive data, via the Internet, that updates the NCAA and Golf video game products in a manner that infringes the '350 Patent. For example, customers playing NCAA 14 are instructed to login to an "EA Sports Account" to receive data from an "EA Sports Server" to receive "online content." Defendant's knowledge of the patent claims and the applicability of these claims to its NCAA and Golf video games shows that the Defendant knows that its acts induce its customers to infringement the '350 Patent.

14. Defendant's acts of infringement have caused damage to White Knuckle, and White Knuckle is entitled to recover from Defendant the damages sustained by White Knuckle as a result of Defendant's wrongful acts in an amount subject to proof at trial.

15. As a consequence of the infringement complained of herein, White Knuckle has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '350 Patent.

## PRAYER FOR RELIEF

WHEREFORE, White Knuckle prays for entry of a final order and judgment that:

1. Defendant has infringed the '350 Patent;

2. Defendant account for and pay to White Knuckle all damages caused by its infringement of the '350 Patent, all in accordance with 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

3. White Knuckle be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, and all those persons in active concert or participation with them from further acts of patent infringement with respect to the patents-in-suit;

4. White Knuckle be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '350 Patent;

5. The Court declare this an exceptional case and that White Knuckle be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

6. Costs be awarded to White Knuckle; and

7. White Knuckle be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, White Knuckle demands trial by jury on all claims and issues so triable.

DATED: February 24, 2015                    WHITE KNUCKLE IP, LLC

                                                           By  /s/ Andrew S. Hansen
                                                                Andrew S. Hansen

                                                           Company Counsel for WHITE KNUCKLE IP, LLC