IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| WHITE KNUCKLE, IP, LLC, a Utah limited liability company,<br><br>            Plaintiff,<br>v.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY**<br><br>Case No. 1:15-cv-00036-DN-BCW<br><br>District Judge David Nuffer<br>Magistrate Judge Brooke C. Wells |

In Electronic Arts Inc.'s ("EA") Motion to Stay ("Motion"),[1] EA argues that the case should be stayed, "including discovery and all pending deadlines,"[2] until a decision is rendered on EA's pending Motion for Judgment on the Pleadings ("MJP"). For the reasons stated below, the Motion is DENIED.

## STANDARD APPLICABLE TO MOTIONS FOR STAY OF DISCOVERY

"A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding."[3] "[T]he Supreme Court of the United States has noted that there are no strict rules for the district court to apply, because '[s]uch a formula . . . is too mechanical and narrow.'"[4]

---

[1] Electronic Arts Inc.'s Motion to Stay Pending Determination of Electronic Arts Inc.'s Rule 12(c) Motion for Judgment on the Pleadings Based on Unpatentability under 35 U.S.C. § 101 ("Motion"), docket no. 58, filed August 7, 2015.

[2] *Id.* at 1.

[3] *SWEPI, LP v. Mora Cnty., N.M.*, Case No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

[4] *SWEPI*, 2014 WL 7474084, at *15 (alterations in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

"The party seeking a stay generally faces a difficult burden."[5] "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others."[6] "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'"[7]

The decision of whether to issue a discovery stay "depends greatly on the facts and progress in each case."[8] The Tenth Circuit has noted that district courts have "broad discretion" in deciding whether to issue a stay of discovery:

> As a general rule, discovery rulings are within the broad discretion of the trial court. The trial court's decision on discovery matters will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[9]

In its Motion, EA cites the standard used in *Lifetime Prods., Inc. v. Russell Brands, LLC*[10] as applicable to the instant Motion.[11] However, *Lifetime* presented a different factual scenario. In *Lifetime*, a motion to stay was granted because *the PTAB had granted* a petition for Inter Partes Review ("IPR").[12] Here, EA has filed a petition for IPR,[13] but the PTAB has not

---

[5] *SWEPI*, 2014 WL 7474084, at *15 (citing *Clinton*, 520 U.S. at 708).

[6] *SWEPI*, 2014 WL 7474084, at *15 (internal quotation marks omitted) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[7] *SWEPI*, 2014 WL 7474084, at *15 (quoting *Commodity Futures*, 713 F.2d at 1484).

[8] *SWEPI*, 2014 WL 7474084, at *16.

[9] *Id.* (quoting *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373 (10th Cir. 1994)).

[10] *Lifetime Prods., Inc. v. Russell Brands, LLC*, Case No. 1:12-cv-00026-DN, 2013 WL 5408458 (D. Utah Sept. 25, 2013).

[11] Motion at 2. The following standard was cited by EA:
> In determining whether to enter a stay, courts in this district typically consider three factors: (1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties.

Motion at 2 (quoting *Lifetime Prods.*, 2013 WL 5408458, at *2).

[12] *Lifetime Prods.*, 2013 WL 5408458, at *1.

approved the petition. Thus, the standard for deciding EA's Motion is slightly different because EA's motion asks for a stay of discovery based on its pending motion for judgment on the pleadings—not a stay of the case based on a *grant* of IPR. The standard governing *discovery stays pending potentially-dispositive motions* is recited above. The question is whether EA has made a "strong showing of necessity" for the stay.[14]

## DISCUSSION

### It Is Not Certain EA's MJP Will Be Granted

EA believes "there is a strong likelihood that this Court will find that asserted claims of U.S. Patent No. 8,529,350 . . . are ineligible patent subject matter under 35 U.S.C. § 101[,]"[15] and that the Court will grant EA's MJP and dismiss the case.[16] EA states that "[i]t is helpful and often necessary for the court to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious."[17] And EA believes that if the Court takes such a "preliminary peek," it will find that "the '350 Patent is invalid for claiming an abstract idea"[18] under the analysis set forth in *Alice Corp. Pty. Ltd.v. CLS Bank Intl.*[19]

White Knuckle ("WK") disagrees and argues that the Motion should be denied because "EA is not likely to prevail on the merits . . . ."[20] WK argues that the '350 Patent claims are *not*

---

[13] Motion at 7 n. 16.

[14] *SWEPI*, 2014 WL 7474084, at *15 (internal quotation marks omitted) (quoting *Commodity Futures*, 713 F.2d at 1484).

[15] Motion at 1.

[16] *Id.* at 4.

[17] *Id.* at 2 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997))).

[18] Motion at 3.

[19] *Alice Corp. Pty. Ltd.v. CLS Bank Intl.*, 134 S. Ct. 2347 (2014).

[20] White Knuckle IP LLC's Opposition to Electronic Arts Inc.'s Motion to Stay Pending Determination of Electronic Arts Inc.'s Rule 12(c) Motion for Judgment on the Pleadings Based on Unpatentability under 35 U.S.C. § 101 ("Opposition") at 2, docket no. 62, filed August 14, 2015.

invalid and that "*Alice* does not hold for the proposition that all software is an 'abstract idea.'"[21] Simply because "some element of a software claim is previously known," WK argues, it does not mean that the claim is "de facto 'abstract.'"[22] WK seeks to set this case apart from *Alice* by arguing that *Alice* dealt with "abstract ideas" in the "fundamental economic practices" realm, while this case deals with "video game products and methods and systems for updating video games."[23] WK argues that EA's factual interpretation of the scope of the claims "ignores the video game aspect of the claims"[24] and therefore oversimplifies the claims by stating they are "directed to the abstract idea of sending and receiving video game software updates over a network which has been done for many years and is not patentable under Section 101."[25]

As WK points out, the parties disagree on the scope of the patent and whether it claims an "abstract idea." Because of this, and because facts are viewed in the light most favorable to the non-moving party when analyzing a motion for judgment on the pleadings,[26] it is not certain that EA's MJP will be granted.

In *SWEPI, LP v. Mora County*, a case decided by a district court in this Circuit, a party seeking a stay made many of the same arguments EA makes here. The party argued that it had filed a dispositive motion (also a motion for judgment on the pleadings, which is referred to in the opinion as the "JOP Motion") that "will almost certainly dispose of most, if not all, of the issues in this case."[27] The party suggested that the court take a "preliminary peek at the merits"

---

[21] *Id.* at 3.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 5.

[25] Motion at 3-4.

[26] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir.2000).

[27] *SWEPI*, 2014 WL 7474084, at *11.

4

of the JOP Motion to see if there was a possibility it would be granted.[28] The party further argued that "it would be more efficient for the Court to rule on the JOP Motion before permitting discovery; otherwise, the parties may engage in discovery that the Court's ruling would moot."[29]

In rejecting these arguments, the court concluded:

> A preliminary peek into the JOP Motion's merits is not helpful . . . . The Court would essentially need to resolve the JOP Motion before resolving the Motion to Stay. Once the Court resolves the JOP Motion, however, the Motion to Stay is moot . . . . This path would be overly burdensome on the Court and would result in the Court essentially ignoring the Motion to Stay until it is moot. Accordingly, because it is not assured that the Court will grant the JOP Motion, and because discovery may be necessary even if the Court grants the JOP Motion, the Court will exercise its discretion and deny the Motion to Stay.[30]

*SWEPI* is right. A "preliminary peek" at EA's MJP is not useful because a "peek" will not provide enough information to determine whether there are no material disputes of fact or whether there is even a "clear possibility" that the MJP will be granted. To determine whether the MJP will succeed, the Court will have to delve into the concepts of invalidity and determine if the claims in the '350 Patent invoke an abstract idea and if so, whether the patent claims add something more to the abstract idea.[31] This determination cannot be made through a "preliminary peek." Moreover, the MJP is not yet fully briefed. No response or reply to the MJP has been filed. A party is not entitled to a stay by merely filing a dispositive motion and then claiming it is "highly likely" the motion will be successful.

---

[28] *Id.*

[29] *Id.*

[30] *Id.* at *23.

[31] *See* Alice, 134 S. Ct. at 2355 ("First, we determine whether the claims at issue are directed to one of those patent-ineligible concepts. If so, we then ask, '[w]hat else is there in the claims before us?' To answer that question, we consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim into a patent eligible application.' We have described step two of this analysis as a search for an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" (alterations in original, citations omitted)).

**A Stay May Only Serve to Slow Down Litigation and Delay Resolution**

EA also argues that the "early stage of these proceedings . . . supports EA's request for a stay[.]"[32] EA argues that "the parties have engaged in very limited discovery" and "have not agreed on the form and substance of a Protective Order."[33] "[N]o depositions have been noticed and there is no trial date."[34]

WK argues that even though the case is relatively new, "EA has received WK['s] detailed infringement contentions and initial disclosures, but EA has refused to produce any of its initial disclosures . . . ."[35] WK argues that "[n]ow that EA has WK's litigation strategy and initial disclosures, EA is trying to stay the case a few months before its final non-infringement contentions are due[,]" and complains that it is "unfair for EA to delay its [MJP] until after WK produces its litigation strategy and then avoid providing the same to WK by obtaining a stay."[36]

As concluded in the previous section, it is unclear whether the MJP will be granted. While EA is correct that if the MJP is successful the case may be dismissed, that is not the certain outcome at this stage of the litigation and it cannot be assumed for purposes of this Motion. Accordingly, "[s]taying discovery thus may only serve to slow down litigation and delay the case's resolution."[37] The discovery deadlines and other dates on the Scheduling Order should be followed. Particularly, EA should make its initial disclosures immediately if they have not already been made. As to EA's argument that it is concerned about disclosing proprietary code to

---

[32] Motion at 5.

[33] *Id.*

[34] *Id.*

[35] Opposition at 5-6.

[36] *Id.* at 6.

[37] *SWEPI*, 2014 WL 7474084, at *22.

WK, this can be addressed in the upcoming hearing regarding the protective order in this case. If discovery responses are inadequate, the parties may seek recourse.

### EA Has Not Shown a "Strong Necessity" for a Stay

EA argues that "White Knuckle, IP, LLC . . . is a non-practicing entity seeking only monetary relief, and will suffer no undue prejudice from a stay."[38] On the other hand, EA argues, "EA will suffer great prejudice in having to continue to litigate claims that are likely to be held invalid."[39] According to EA, "a stay serves the interests of justice and promotes judicial economy by allowing the Court and parties to conserve resources while the Court addresses EA's [MJP]."[40]

Again, EA's argument rests on the assumption that the patent is "likely" invalid. This assumption is unwarranted at this stage, and it would be inappropriate to issue a stay of discovery based only on one party's argument that its own motion is likely to be granted.

In *SWEPI*, the party seeking the stay was unable to convince the court to issue a stay even though it argued that "discovery would constitute a waste of resources on the part of both the litigants and the Court, and . . . if the Court grants the JOP Motion, the scope of discovery in the case would be drastically reduced."[41] These arguments did not persuade the court. Likewise, EA's arguments do not show a "strong necessity" for a stay. Accordingly, the Motion is denied. The Scheduling Order provides for an opportunity to request a stay at a later point, depending on the action by the PTAB on the Petition for IPR.[42]

---

[38] Motion at 1.

[39] *Id.*

[40] *Id.*

[41] *SWEPI*, 2014 WL 7474084, at *11.

[42] Patent Case Scheduling Order at 3, docket no. 31, filed May 18, 2015.

7

### EA'S REQUEST TO EXPEDITE DETERMINATION OF THE MJP

EA argues that expedited briefing on the MJP should be ordered if the Motion to Stay is not granted. This request is granted and the Court orders expedited briefing on the MJP as follows:

WK's Response due:	Monday, August 31, 2015

EA's Reply due:	Friday, September 4, 2015

### ORDER

IT IS HEREBY ORDERED that EA's Motion[44] is DENIED.

IT IS FURTHER ORDERED that any response to EA's MJP is due Monday, August 31, 2015 and any reply to that response is due Friday, September 4, 2015.

Dated August 23, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[44] Electronic Arts Inc.'s Motion to Stay Pending Determination of Electronic Arts Inc.'s Rule 12(c) Motion for Judgment on the Pleadings Based on Unpatentability under 35 U.S.C. § 101 ("Motion"), docket no. 58, filed August 7, 2015.