IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| WHITE KNUCKLE IP, LLC, a Utah LLC,<br><br>Plaintiff,<br>v.<br><br>ELECTRONIC ARTS INC., a Delaware corp.,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION GRANTING IN PART MOTIONS REGARDING PROTECTIVE ORDER<br><br>Case No. 1:15-cv-36 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Pending before the court are competing motions regarding the protective order to be entered in this case. Defendant Electronic Arts Inc. (EA) seeks to supplement the standard protective order.[1] And Plaintiff White Knuckle LLC (WK) has filed a cross motion to also supplement the standard protective order.[2] The court heard argument on these competing motions and following argument directed the parties to meet and confer to further see if any issues could be narrowed. The parties filed a joint status report noting some success in their efforts.[3] Specifically the parties reached agreement as to Section 4, Section 5, and Section 13. Three areas of dispute remain as to the protective order. These are: 1) source code provisions; 2) time to challenge designations; and 3) the prosecution bar. The parties have attached their respective competing protective orders to their joint status report.[4] Having heard oral argument and after further consideration of the parties' proposals and their joint statement the court enters the following order and protective order. In short, the court finds good cause that supports parts of each party's position so the motions are both GRANTED IN PART.

---

[1] Docket no. 32.

[2] Docket no. 38.

[3] Docket no. 75.

[4] Docket no. 75.

### I. Source Code

The parties have not agreed on source code provisions.  EA asserts its source code need not be produced in this case arguing that it is "wholly unnecessary for WK's affirmative infringement case."[5]  In contrast WK "believes the Court made it clear that Mr. Hansen and Mr. Jones are not qualified to see EA's confidential source code."[6]  But this does not mean that EA need not produce the source to anyone at WK, including qualified outside counsel.

The court agrees with WK.  EA's request to completely bar any production of source code is not the subject of the instant motions.  Further, the protective order will govern the production of source code which alleviates many of EA's stated concerns in the Joint Status Report.

Accordingly the court finds in favor of WK on the issue of source code.  WK's proposed paragraphs are adopted as part of the protective order.

### II. Time to Challenge Designations

Section 9 of the proposed Protective Order deals with challenges a receiving party may make to a producing party's designation or claim of confidentiality.  In short the parties dispute centers on the period of time the producing party would have to respond to a receiving party's request.  WK believes a 5-day period is reasonable and necessary.  In contrast, EA initially sought for a 15-day period but is willing to compromise to 10-days.  EA is concerned that a 5-day period is unnecessarily short and "could put highly sensitive confidential information at risk of disclosure."[7]

---

[5] Joint Status Report p. 3, docket no. 75.

[6] *Id.* at 4.

[7] *Id.* at 5.

The court agrees with EA's position and finds that a 10-day period is a reasonable amount of time that will help prevent the disclosure of highly sensitive confidential information. Accordingly the court adopts EA's proposal pertaining to the time to challenge designations.

### III. Prosecution Bar

Finally, the "parties agree that a prosecution bar of some sort is appropriate and that it should be for two years."[8] The parties disagree as to whether Mr. Hansen can remain as litigation counsel in this case and as WK's counsel in the pending IPR proceedings. WK notes that since the hearing it has "engaged additional outside counsel, Mr. Joseph Shapiro, ostensibly in an effort by WK to address the issue of potential exposure to Mr. Hansen (a principal of and presently litigation counsel for WK) . . . ."[9]

EA argues that as long as Mr. Hansen and Mr. Jones remain as litigation counsel the problem is not solved by simply adding additional outside counsel, particularly as it relates to source code. In support of its position, EA points to portions from the hearing including the court's concerns with the need for litigation counsel to be versed on the full content of all aspects of the case.[10] EA also cites to *Endo Pharmacutical,*[11] *ST Sales Tech*,[12] and *Paice*.[13]

During the hearing Mr. Hansen, agreed that WK would remove Dave Jones from the pleadings and from the IPR.[14] Thus there should be no dispute regarding Mr. Jones. He is to be removed from the instant case and from the IPR.[15]

---

[8] *Id.* at p. 6.

[9] *Id.* at p. 6-7.

[10] *See* Tr. p. 58, docket no. 71.

[11] *Endo Pharmaceuticals Inc. v. Actiavis Inc. et al.*, 2014 WL 3950900 (S.D.N.Y. Aug. 13, 2014).

[12] *ST Sales Tech Holdings LLC v. Daimler Chrysler Co., LLC*, 2008 WL 5634214 (E.D.Tex. Mar. 14, 2008).

[13] *Paice, LLC v. Hyndai Motor Co.*, 2014 WL 3773666 (D.Md. July 29, 2014).

[14] Tr. 53 ("You know what we'll do, we'll just remove Dave Jones from the pleadings and from the IPR. That's not a problem.")

The court is not convinced, as WK argues, that EA's position is an attempt to convert its motion into a motion to disqualify counsel.  Rather, the court shares EA's concern that the motion involves "who is qualified to review its confidential information."[16]  The cases, including *Deutsche Bank* cited to by WK,[17] focus on "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure."[18]  In *Deutsche Bank* the "Federal Circuit set forth factors that a district court must consider when evaluating a party's request for an exemption from a patent prosecution bar

> . . . the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decision making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation ... and (2) that the potential injury to the moving party . . . outweighs the potential injury to the opposing party . . . ."[19]

During the hearing the court explicitly found that Mr. Hansen could not review source code.[20]  This decision was based upon Mr. Hansen's involvement with prosecuting the WK patent that is at issue in this matter.  EA argues that Mr. Hansen, and new outside counsel Mr. Shapiro or any subsequently added litigation counsel should "either withdraw as litigation counsel or be subject to a prosecution bar . . . that includes a prohibition against any involvement

---

[15] *Id.*  ("Now with regards to Dave Jones, again, we're more than happy to remove Dave Jones off the pleadings or drop him as backup counsel at the IPR.").

[16] Joint Status Report p. 7.

[17] *In re Deutsche Bank Trust Co.*, 605 F.3d 1373 (Fed.Cir. 2010).

[18] *U.S. Steel Corp.v. U.S.*, 730 F.2d 1465, 1468 (Fed.Cir.1984).

[19] *Endo Pharmaceuticals*, 2014 WL 3950900*3 (quoting *Deutsche Bank*, 605 F.3d 1373, 1381 (Fed.Cir.2010).

[20] Tr. 47.

in the now-pending IPR."[21]  As noted in *Deutsche Bank* the burden is on Mr. Hansen to show he should not be subject to a patent bar.  The court finds he has failed to meet that burden.  Mr. Hansen's involvement with WK and prosecuting the patent at issue implicates competitive decision making related to the subject matter of this litigation.  And, the potential injury to EA outweighs any injury to WK.

Based upon the principles found in *Deutsche Bank* and the other cases cited to by EA the court agrees with EA's proposed prosecution bar.

## ORDER

For the reasons set forth above the court GRANTS in PART each parties' respective motion.  The parties are ordered to submit a new proposed protective order within seven (7) days from the date of this order for the court to sign that incorporates the court's decision regarding those matters that are in dispute.

IT IS SO ORDERED.

DATED this 16 October 2015.

Brooke C. Wells
United States Magistrate Judge

---

[21] Joint Status Report p. 8.