IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| WHITE KNUCKLE IP, LLC, a Utah limited liability company,<br><br>       Plaintiff,<br>v.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>       Defendant. | MEMORANDUM DECISION AND ORDER GRANTING ELECTRONIC ARTS INC.'S MOTION TO STAY CASE PENDING RESOLUTION OF *INTER PARTES* REVIEW<br><br>Case No. 1:15-cv-00036-DN-BCW<br><br>District Judge David Nuffer<br>Magistrate Judge Brooke C. Wells |

## BACKGROUND

This patent infringement action is brought by White Knuckle IP, LLC ("WK") against Electronic Arts Inc. ("EA") for alleged infringement of WK's U.S. Patent No. 8,529,350 (the "'350 Patent"). In the initial scheduling order,[1] the parties agreed that if EA requested *inter partes review* ("IPR") of the '350 Patent by July 15, 2015, and the PTAB's decision on the request was not made by November 25, 2015, the case would be stayed while the PTAB considered the request.

On December 4, 2015, an order was entered staying this case ("Partial Stay Order").[2] The Partial Stay Order found that EA had requested a stay by July 15, 2015 and that the PTAB had not decided to initiate IPR by November 25, 2015 and, therefore, a stay was warranted based on the parties' agreement. The Stay Order, however, excepted from the stay "Judge Wells's November 24 order requirement that EA produce documents and information . . . ."[3] EA was

---

[1] Patent Case Scheduling Order at 3, docket no. 31, entered May 18, 2015.

[2] Order Staying Case Deadlines Pending Decision Regarding Institution of IPR ("Partial Stay Order"), docket no. 92, entered Dec. 4, 2015.

[3] *Id.* at 2.

required to "produce such documents and information to WK on or before December 8, 2015."[4] On December 8, 2015, the parties stipulated to, and the court granted, an extension to allow EA to produce the documents and information by December 22, 2015.[5] The exception to the stay order was intended to allow one small piece of the litigation to continue to completion rather than be interrupted.

On January 27, 2016, EA took the position that it had complied with all of its discovery obligations, including Judge Wells's November 24 order requirement that EA produce documents and information, and moved for a complete stay of the case pending resolution of IPR proceedings that had since been instituted by the PTAB ("Motion to Stay").[6] EA's motion noted that the IPR had been initiated by the PTO earlier that month. WK's opposition did not oppose the general stay, but sought to retain the exception for completion of the pending discovery, stating that responses were still not acceptable.[7]

After the Motion to Stay was fully briefed, WK filed a motion to compel EA to provide "substantive infringement contentions and responses" to certain interrogatories ("Motion to Compel").[8] WK argued that EA still had not fulfilled its discovery obligations. Magistrate Judge Wells held a hearing regarding the Motion to Compel, and during the hearing noted that District Judge Parrish, in a separate case, had held that the '350 Patent's parent patent, U.S. Patent No.

---

[4] *Id.*

[5] *See* Stipulated Motion to Extend Deadline for Electronic Arts, Inc's Production of Discovery Pursuant to Order Granting Motion to Compel, docket no. 93, filed Dec. 8, 2015; Order on Stipulated Motion to Extend Deadline for Electronic Arts, Inc's Production of Discovery Pursuant to Order Granting Motion to Compel, docket no. 94, entered Dec. 8, 2015.

[6] Electronic Arts Inc.'s Motion to Stay Case Pending Resolution of *Inter Partes* Review ("Motion to Stay"), docket no. 95, filed Jan. 27, 2016.

[7] White Knuckle's Opposition to Electronic Arts Inc.'s Motion to Stay Case Pending Resolution of *Inter Partes* Review at 1-8, docket no. 98, filed Feb. 10, 2016.

[8] White Knuckle's Renewed Short Form Discovery Motion to Compel ("Motion to Compel"), docket no. 104, filed Mar. 18, 2016.

8,545,575, was invalid because it was "drawn to a patent-ineligible abstract idea[.]"[9] Magistrate Judge Wells also noted that there was a pending motion for judgment on the pleadings in this case.[10] Magistrate Judge Wells stated that Judge Parrish's decision might affect this case due to the similarity between the patents, and advised the parties to contact Judge Nuffer's chambers within 14 days to determine how to proceed.

Each party sent a separate email to chambers stating their positions. EA stated that its motion for judgment on the pleadings had not been ruled upon and highlighted Judge Parrish's recent decision in the related case.[11] WK stated that this case is already stayed pending IPR, except for the Motion to Compel, and that WK has appealed Judge Parrish's ruling to the Federal Circuit.[12] WK stated that it believed it would be appropriate for the "current stay" to remain in place pending the Federal Circuit appeal and IPR.[13] Certainly, WK's position is still that any ongoing stay should not apply to the Motion to Compel.

For the reasons stated below, the Motion to Stay is GRANTED. The entire case, including further action on the Motion to Compel, is stayed pending resolution of the Federal Circuit appeal in the related case and IPR of the '350 Patent. The Motion to Compel remains pending during the stay and will be decided, as necessary, after resolution of the Federal Circuit appeal in the related case and IPR of the '350 Patent.

---

[9] Memorandum Decision and Order Granting Defendant's Motion to Dismiss in *White Knuckle Gaming, LLC v. Electronic Arts Inc.*, Case No. 1:15-cv-00150-JNP-PMW (D. Utah June 2, 2016), Ex. A. to Electronic Arts Inc.'s Notice of Supplemental Authority, docket no. 129-1, filed June 10, 2016.

[10] Electronic Arts Inc.'s Motion for Judgment on the Pleadings Based on Unpatentability under 35 U.S.C. § 101, docket no. 55, filed Aug. 6, 2015.

[11] Email from H. Dickson Burton, counsel for EA, to Chambers of District Judge David Nuffer (July 18, 2016) (on file in chambers).

[12] Email from Joseph Shapiro, counsel for WK, to Chambers of District Judge David Nuffer (July 18, 2016) (on file in chambers).

[13] *Id.*

**DISCUSSION**

A district court has discretion to grant a motion to stay based on the following factors: "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties."[14] "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings."[15]

The first factor weighs strongly in favor of extending the stay and applying it to the entire case. The PTAB instituted IPR on January 14, 2016, which means the PTAB found that there is a reasonable likelihood that EA will prevail in showing the claims are not patentable.[16] Furthermore, Judge Parrish's decision on the '350 Patent's parent patent suggests that the '350 Patent may also be invalid due to it being drawn on a patent-ineligible abstract idea. Allowing the Federal Circuit appeal and the IPR proceedings to proceed while this case is stayed will clarify and simplify the issues in this case. Accordingly, the first factor weighs in favor of a stay.

The second factor also weighs in favor of a stay. Although the case was filed more than a year ago, the partial stay has been in effect for more than six months and therefore the parties have exchanged limited fact discovery, no depositions have been scheduled, and no expert discovery has taken place. There have been no claim construction activities and there is no trial date. Thus, the second factor weighs in favor of extending the stay and applying it to the entire case. Allowing WK to continue to pursue discovery during IPR of the '350 Patent and the Federal Circuit appeal may turn out to be wasteful and unnecessary if WK's patent is invalidated.

---

[14] *Lifetime Prods., Inc. v. Russell Brands, LLC*, Case No. 1:12-cv-00026-DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013).

[15] *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, Case No. 2:08-cv-00879-DAK, 2009 WL 2999036, at *2 (D. Utah Sept. 18, 2009).

[16] *See* 35 U.S.C. § 314(a).

The better course is to stay the entire case, including the Motion to Compel, until the viable issues can be defined. If the '350 Patent is invalidated, this case will be dismissed. On the other hand, if there are any remaining issues at the conclusion of IPR on the '350 Patent and the Federal Circuit's resolution of the case regarding the parent patent, those issues, including the issues raised in the Motion to Compel, may be addressed without concern about concurrent proceedings on related matters.

The third factor, prejudice to the parties, also weighs in favor of a stay of the entire case. There is significant prejudice to EA if it is required to divulge information during a case that is later dismissed due to invalidity, whereas the prejudice to WK is not as significant if their claims are placed on hold while the IPR and appeals processes run their course. The IPR process is statutorily limited in time and is required to take place within twelve months,[17] which makes it less likely that WK will suffer prejudicial delay. While there is no such limit on review of Judge Parrish's decision at the Federal Circuit, the delay is not likely to be much more than that time.[18]

When the Partial Stay Order was entered, IPR proceedings had not been instituted by the PTAB and Judge Parrish had not yet invalidated the parent patent to the patent at issue in this case. Now that those two events have occurred, a complete stay is warranted because of the higher likelihood that the '350 Patent will be invalidated.

---

[17] *See* 35 U.S.C. §§ 316(a)(11), 319, 141; 37 C.F.R. § 42.100.

[18] United States Court of Appeals for the Federal Circuit, Median Time to Disposition in Cases Terminated After Hearing or Submission at http://www.cafc.uscourts.gov/sites/default/files/Median%20Disposition%20Time%20for%20Cases%20Terminated%20after%20Hearing%20or%20Submission%20%28Detailed%20table%20of%20data%202006-2015%29.pdf last visited July 20, 2016.

## ORDER

IT IS HEREBY ORDERED that the Motion to Stay[19] is GRANTED. All issues in this case, including the issues raised in WK's Motion to Compel, are stayed pending resolution of the Federal Circuit appeal in the related case and the IPR of the '350 Patent.

Dated July 20, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[19] Electronic Arts Inc.'s Motion to Stay Case Pending Resolution of *Inter Partes* Review ("Motion to Stay"), docket no. 95, filed Jan. 27, 2016.