IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WHITE KNUCKLE IP, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [161] PLAINTIFF'S MOTION TO DISMISS AND FINDING [55] DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS MOOT**<br><br>Case No. 1:15-cv-00036-DN-BCW<br><br>District Judge David Nuffer |

Plaintiff White Knuckle IP, LLC ("White Knuckle") filed a Motion to Dismiss for Mootness (the "Motion to Dismiss")[1] seeking to voluntarily dismiss its claim against defendant Electronic Arts Inc. ("EA") for infringement of U.S. Patent No. 8,529,350 (the "'350 Patent") and to dismiss EA's counterclaims for declaratory judgment on patent non-infringement and invalidity. EA responded to the Motion to Dismiss ("EA's Response"),[2] in which EA objected to how attorneys' fees and costs were resolved in White Knuckle's proposed order but did not otherwise oppose the Motion to Dismiss. Based on the Motion to Dismiss, EA's Response, and for good cause appearing, the court finds:

1.      According to its title, the '350 Patent concerns a "Method and System for Increased Realism in Video Games."[3]

2.      White Knuckle sued EA for patent infringement of the '350 Patent.[4]

---

[1] Docket no. 161, filed October 30, 2017.

[2] Response to Motion to Dismiss, docket no. 162, filed November 1, 2017.

[3] Amended Complaint, Exhibit A, docket no. 14-1, filed March 16, 2015.

[4] Amended Complaint, docket no. 14, filed March 16, 2015.

3.      EA asserted two claims for declaratory judgment as to non-infringement and

invalidity of the '350 Patent.[5]

4.      EA filed a Motion for Judgment on the Pleadings arguing that the '350 Patent is

not patentable.[6]

5.      The case was stayed pending an appeal to the U.S. Court of Appeals for the

Federal Circuit and an Inter Partes Review by the Patent Trial and Appeal Board on the '350

Patent,[7] following the conclusion of which the stay was lifted.[8]

6.      White Knuckle seeks to cease litigation against EA on the '350 Patent.[9]

Accordingly, White Knuckle executed a Unilateral Covenant Not to Sue (the "Unilateral

Covenant").[10]

7.      The Unilateral Covenant includes a broad promise not to assert patent

infringement against EA on the '350 Patent:

> [White Knuckle] unconditionally and irrevocably covenants not to assert patent
> infringement (including direct infringement, contributory infringement, and
> inducing infringement) against EA and its predecessors, successors, assigns,
> parents, subsidiaries, affiliated and related companies (collectively the "EA
> Entities") under the '350 Patent based upon their making, using, manufacturing,
> development, design, marketing, licensing, distributing, importing, offering for
> sale, or selling of any of their products and services as they exist today or have
> existed in the past or may exist in the future.[11]

---

[5] Electronic Arts Inc.'s First Amended Answer and Counterclaims, docket no. 54, filed July 27, 2015.

[6] Electronic Arts Inc.'s Motion for Judgment on the Pleadings Based on Unpatentability Under 35 U.S.C. § 101, docket no. 55, filed August 6, 2015.

[7] Memorandum Decision and Order Granting Motion to Stay, docket no. 133, filed July 20, 2016.

[8] Docket Text Order Granting Motion to Lift Stay, docket no. 151, filed August 24, 2017.

[9] Motion to Dismiss.

[10] Unilateral Covenant, Exhibit A to Hansen Declaration in Support of Motion to Dismiss, docket no. 161-2.

[11] *Id.* at 2.1.

8.      Based on the Unilateral Covenant, White Knuckle cannot assert patent infringement against EA under the '350 Patent now or in the future.[12]

9.      This action no longer presents a "Case" or "Controversy" for purposes of Article III because "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[13]

10.     EA does not oppose dismissal.[14] However, EA asserts a right to attorneys' fees and costs under 35 U.S.C. § 285 and sanctions under Rule 11 of the Federal Rules of Civil Procedure.[15] EA has filed a Motion for Rule 11 Sanctions.[16]

11.     The Motion for Rule 11 Sanctions and any claims for attorneys' fees and costs under 35 U.S.C. § 285 may be addressed after the action is no longer pending.[17]

12.     Based on the Unilateral Covenant and the Motion to Dismiss, White Knuckle's claim can be dismissed with prejudice.

13.     Because EA's claims seek declaratory relief as to the same '350 Patent, EA's counterclaims can be dismissed without prejudice.[18]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that White Knuckle's Motion to Dismiss[19] is GRANTED. White Knuckle's claim for patent infringement is DISMISSED WITH

---

[12] *Id.*

[13] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

[14] EA's Response at 1.

[15] *Id.*

[16] Docket no. 152, filed August 24, 2017.

[17] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990).

[18] *Already*, 568 U.S. at (affirming dismissal without prejudice of counterclaims in light of a unilateral covenant not to sue).

[19] Docket no. 161.

PREJUDICE. EA's claims for declaratory judgment on patent non-infringement and invalidity

are DISMISSED WITHOUT PREJUDICE. This Order does not resolve EA's pending Motion

for Rule 11 Sanctions[20] or EA's claim for attorneys' fees and costs under 35 U.S.C. § 285.

IT IS FURTHER ORDERED that EA's Motion for Judgment on the Pleadings is MOOT

and therefore terminated.

Dated November 17, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[20] Docket no. 152.