IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| WHITE KNUCKLE IP, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br>v.<br><br>ELECTRONIC ARTS INC., a Delaware corporation,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [152] MOTION FOR RULE 11 SANCTIONS and [165] MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 1:15-cv-00036-DN-BCW<br><br>District Judge David Nuffer |

Plaintiff White Knuckle IP, LLC ("White Knuckle") dismissed its claims in this patent infringement action. After White Knuckle's patent was largely invalidated in proceedings outside of this action, White Knuckle moved to voluntarily dismiss (the "Motion to Dismiss").[1] The Motion to Dismiss has been granted.[2]

Defendant Electronic Arts Inc. ("EA"), prevailing party, seeks sanctions against, and attorneys' fees from, White Knuckle for filing this case. EA filed a Motion for Rule 11 Sanctions (the "Motion for Sanctions").[3] After the order was entered dismissing White Knuckle's claims, EA moved for attorneys' fees (the "Motion for Fees").[4] White Knuckle opposes both motions.[5]

---

[1] Plaintiff White Knuckle IP LLC's Motion to Dismiss for Mootness ("Motion to Dismiss"), docket no. 161, filed October 30, 2017 (acknowledging that all but one remaining independent claim in the patent at issues were invalidated by *inter partes* review of the USPTO Patent Trial and Appeal Board).

[2] Memorandum Decision and Order Granting Plaintiff's Motion to Dismiss, docket no. 164, filed November 17, 2017.

[3] Defendant Electronic Arts Inc.'s Motion for Rule 11 Sanctions ("Motion for Sanctions"), docket no. 152, filed August 24, 2017.

[4] Defendant Electronic Arts Inc.'s Motion for Exceptional Case Determination and Award of Attorneys' Fees and Expenses Pursuant to 35 U.S.C. § 285 ("Motion for Fees"), docket no. 165, filed December 1, 2017.

[5] White Knuckle IP, LLC's Opposition to Electronic Arts Inc.'s Motion for Rule 11 Sanctions ("Sanctions Opposition"), docket no. 157, filed September 12, 2017; White Knuckle IP, LLC's Opposition to Electronic Arts

The remedies EA seeks are reserved for exceptional or objectively unreasonable cases. White Knuckle's claims, though unsuccessful, were not exceptional or objectively unreasonable. Therefore, both the Motion for Fees and the Motion for Sanction are denied.

## BACKGROUND

White Knuckle was issued a patent, U.S. Patent No. 8,529,350 (the "Patent"), dated September 10, 2013. The Patent claims a system for updating parameters of a video game to keep video games meant to simulate real world events more consistent with developing characteristics of the real world.[6] For example, as a real life football player improves his throwing accuracy, the parameters in the video game for that player would be updated to reflect the improvement.[7] The Patent carried a presumption of validity under 35 U.S.C. § 282.[8] Patent holders are not expected to voluntarily second-guess their own intellectual property rights. "The burden of establishing invalidity of a patent or any claim thereof [rests] on the party asserting such invalidity."[9] Unless or until the Patent was invalidated, White Knuckle had a right to rely upon and seek to enforce it.

White Knuckle filed suit against EA for infringement of the Patent.[10] The case was stayed pending *inter partes* review of the Patent by the Patent Trial and Appeal Board of the United States Patent and Trademark Office (the "Board"), as well as an appeal to the U.S. Court of Appeals for the Federal Circuit of a District of Utah decision invalidating the Patent's parent

---

Inc.'s Motion for Exceptional Case Determination and Award of Attorneys' Fees and Expenses Pursuant to 35 U.S.C. § 285 ("Fees Opposition"), docket no. 171, filed December 15, 2017.

[6] Patent 8,529,350 (the "Patent"), attached to the First Amended Complaint as Exhibit A, docket no. 14-1, filed March 19, 2015.

[7] *Id.*

[8] 35 U.S.C. 282(a).

[9] *Id.*

[10] First Amended Complaint, docket no. 14, filed March 19, 2015.

patent, No. 8,545,575, as drawn to a patent-ineligible abstract idea.[11] While this action was stayed, the Federal Circuit affirmed the decision invalidating the parent patent and entered judgment dismissing White Knuckle's appeal.[12] The Board held that claims 1–10, 12–16, and 23 of the Patent are unpatentable for obviousness.[13] With only "one remaining valid independent claim" in the Patent, White Knuckle decided to voluntarily dismiss this action and signed a Unilateral Covenant Not to Sue EA.[14] The Motion to Dismiss was granted.[15] EA now seeks attorneys' fees from White Knuckle and sanctions under Rule 11 for filing the action.

## DISCUSSION

### Rule 11 Sanction Are Denied.

Prevailing in a patent infringement action on invalidity does not entitle a defendant to sanctions. "Rule 11(b) requires an attorney to conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose."[16] Rule 11(c) then permits a district court to impose sanctions on a party and its attorneys for violation of subdivision (b).[17] In patent infringement actions, Rule 11 requires, at a minimum, "that an attorney interpret the asserted patent claims and compare the accused device with those claims" before filing the action.[18] The infringement analysis "can simply consist of a

---

[11] Order Granting Motion to Stay, docket no. 133, filed July 20, 2016.

[12] Notice of Entry of Judgment Without Opinion, Exhibit A to Motion to Lift Stay, docket no. 139-1, filed May 19, 2017.

[13] USPTO Final Written Decision, Exhibit C to Motion to Lift Stay ("Board Decision"), docket no. 139-3, filed May 19, 2017.

[14] Motion to Dismiss 1–2.

[15] Docket no. 164.

[16] *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed. Cir. 2004).

[17] *Id.*

[18] *Id.* at 1300–01.

good faith, informed comparison of the claims of a patent against the accused subject matter."[19]

The formality of a claim chart is not required of an owner, inventor, or drafter of a patent, who "ought to have a clear idea of what the patent covers."[20] EA asserts three bases for imposing sanctions against White Knuckle, each of which is rejected.

EA asserts that some (but not all) of its accused products could not possibly infringe because EA's servers for those video games were shut down by the time the Patent issued, at which point those games could be played offline only.[21] Without connectivity, the games could not receive updated parameters over a network, as the Patent's claims require. EA argues that the inclusion of the disconnected games in White Knuckle's complaint demonstrates inadequate pre-filing investigation. Counsel for White Knuckle, Andrew Hansen, submitted a declaration describing White Knuckle's pre-filing investigation.[22] Hansen compared the claims of the Patent against EA's NCAA Football and Tiger Woods Golf video games. Hansen's research revealed numerous internet articles that described the features of the NCAA and Tiger Woods video games.[23] In November of 2014, Hansen purchased and tested copies of the accused products to identify features of the video games that met the elements of the asserted claims of the Patent.[24] As for the EA games that were no longer network-connected, White Knuckle had a good faith assertion of provisional rights from the time of the Patent's application in 2010. Despite some

---

[19] *Id.* at 1302.

[20] *Id.* at 1301.

[21] Motion for Sanctions 2–4.

[22] Andrew S. Hansen's Declaration in Support of White Knuckle IP LLC's Opposition to Electronic Arts Inc.'s Motion for Rule 11 Sanctions ("Hansen Declaration"), docket no. 58, filed September 12, 2017.

[23] *Id.* ¶ 4.

[24] *Id.* ¶ 5.

4

disputed facts that needed to be—and were—resolved during the course of litigation, the record of White Knuckle's pre-filing investigation is sufficient to satisfy Rule 11.

EA also argues that the Patent is invalid as obvious over EA's own prior art publications. The Board determined that all but one of the claims in the Patent are invalid for obviousness. This result justifies White Knuckle's voluntary dismissal but does not require sanctions. Unless or until the Patent was invalidated, White Knuckle had a right to rely on the presumption of validity under 35 U.S.C. § 282.[25] In fact, one independent claim in the Patent survived Board review.[26] And White Knuckle took steps to withdraw its infringement claim with respect to the invalidated claims in the Patent.[27] White Knuckle will not be sanctioned for pursuing its infringement suit in a stayed case while the PTAB took its action.

EA further argues that the Patent is abstract and patent ineligible on its face under the Supreme Court's decision in *Alice Corporation Pty. Ltd. v. CLS Bank International*.[28] Under the *Alice* decision, patent claims drawn to an abstract idea are not patentable, and generic implementation of the idea in a specific fashion, such as by computer, does not transform an abstract idea into a patent-eligible invention.[29] Applying *Alice* to the Patent and making an abstractness determination is not necessary here, where White Knuckle has voluntarily dismissed its action. And that determination, which has not been adjudicated, is far beyond the issues fairly considered on a sanctions motion. It is sufficient to observe that the Patent included not only the idea for updating parameters in a video game, but also a method for performing the updates.[30]

---

[25] 35 U.S.C. § 282(a).

[26] Sanctions Opposition 6; Board Decision.

[27] Motion to Dismiss (including Unilateral Covenant Not to Sue).

[28] 134 S.Ct. 2347 (2014).

[29] *Id.* at 2357–58.

[30] Patent, Claim 21.

Given the presumption of validity and that the method claim survived Board *inter partes* review, White Knuckle's defense of its Patent as not abstract is not so unjustified as to impose sanctions under Rule 11.

**Attorneys' Fees Are Denied.**

Under § 285, "the court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent case. Dispensing with more rigid tests for what constitutes an "exceptional" case, the Supreme Court has held that an exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated" considering the totality of the circumstances.[31] EA argues that this is an exceptional case on the same grounds asserted in support of its Motion for Sanctions. As explained above, White Knuckle's pre-filing investigation and its positions on obviousness and abstractness are defensible. Accordingly, this is not an exceptional case.

In the cases cited by EA, deterrence is a recurrent factor for imposing attorneys' fees.[32] Deterrence is not needed in this case. White Knuckle has sued EA, but not dozens or hundreds of dubious infringers, as plaintiffs have done in cases where courts factored deterrence into their decision to find a case exceptional. The parties focused on the validity arguments in outside proceedings before undertaking significant discovery in this case, which was stayed in the

---

[31] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014).

[32] *See, e.g. Gust, Inc. v. AlphaCap Ventures, LLC*, 226 F.Supp.3d 232, 245 (S.D.N.Y. 2016) (finding factors indicating "baseless litigation is not isolated to this instance"); *Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*, Case No. 14-cv-448-GMS, 2016 WL 3090633, *3 (D. Del. May 31, 2016) ("The court is convinced that an award of attorneys' fees in this case is necessary to deter wasteful litigation in the future."); *Edekka LLC v. 3balls.com, Inc.*, Case Nos. 2:15-cv-541, 2:15-cv-585-JRG, 2015 WL 9225038, *4 (E.D. Tex. Dec. 17, 2015) ("In these particular and focused circumstances, the Court identifies a clear need to advance considerations of deterrence.").

meantime. Considering the totality of the circumstances, White Knuckle's approach to this case has not been exceptionally bad and does not justify an award of attorneys' fees under § 285.

## Conclusion

This action was stayed to permit the Board's *inter partes* review. When the review process for the Patent ran its course, White Knuckle's infringement action proved no longer viable. But the action was not exceptionally or unreasonably baseless throughout. The record shows repeated threats from counsel for EA to pursue Rule 11 sanctions and attorneys' fees as a form of leverage to compel White Knuckle to dismiss its claims.[33] Such threats do not reflect the purpose of Rule 11 or § 285. The Motion for Sanctions and Motion for Fees are denied.

---

[33] Exhibit AA in Support of White Knuckle, IP, LLC's Opposition to Electronic Arts Inc.'s Motion for Rule 11 Sanctions, docket no. 157-1, filed September 12, 2017.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion for Sanctions[34] is DENIED.

IT IS FURTHER ORDERED that the Motion for Fees[35] is DENIED.

The Clerk is directed to close the case.

Signed February 23, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[34] [Docket no. 152](#).

[35] [Docket no. 165](#).